UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Bamidele Aiyekusibe, individually and on behalf of all others similarly situated who consent to their inclusion;

    Plaintiffs,

v.

THE HERTZ CORPORATION

    Defendant.

CASE NO.:

COLLECTIVE ACTION REPRESENTATION

**COLLECTIVE ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff, BAMIDELE AIYEKUSIBE, individually and on behalf of all others similarly situated who consent to their inclusion in this national class action, bring this lawsuit against the above captioned Defendants, THE HERTZ CORPORATION, (hereinafter referred to as "Hertz" or "Defendant) for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay overtime compensation and any premium for all hours worked over forty hours a week.

**INTRODUCTION**

1. The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the Fair Labor Standards Act ("FLSA") were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. §202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29

U.S.C. §§206(a) & 207(a).  It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. Sec. 213.

2. Plaintiff, Bamidele Aiyekusibe (herein referred to as "Aiyekusibe") worked for Defendant from November, 2017 until his termination on or about November 8, 2018, where his job title was "Function Manager"; aka "Functional Manager" as well as under the title of "Location Manager".

3. Plaintiff, like his fellow Function Managers, and who are members of this putative Class worked at Hertz rental car locations at Airports across the nation, were paid on a salary basis and improperly classified by Defendants as exempt employees under the FLSA.

4. Defendants classified all Function Managers as Exempt without ever undertaking any individualized analysis of their job duties and responsibilities.

5. As such, Defendant deemed by its classification of Plaintiffs and such putative Class members as "Exempt" that all such employees were not entitled to receive a premium for any overtime hours worked, and no overtime compensation under the FLSA for hours that they worked for Defendants in excess of forty (40) hours per workweek.

6. Further, Plaintiff, like his fellow Function Managers in Defendant's rental car locations across the nation and members of the Class, in the past and still to this day, were systematically denied any overtime pay for hours that worked in excess of forty (40) hours on behalf of Defendant.

7. Accordingly, Plaintiff, individually, and on behalf of all others similarly situated who consent to their inclusion in this collective action, sue Defendants, Hertz, for violations of the Fair Labor Standards Act for: (1) failing to pay the Plaintiff and others similarly situated overtime compensation; and (2) failing to maintain and preserve accurate and true records of all hours worked.

## CLASS DEFINITION AND RELIEF SOUGHT

8. This collective action is to recover from Defendants overtime compensation, liquidated damages, prejudgment interest, and the costs and reasonable attorney's fees under 29 U.S.C. §216(b) on behalf of the Plaintiff and all similarly situated persons composed of:

> All persons employed by HERTZ as Function Managers, Functional Managers, or Location Manager or Location Manager Trainees, and any other job titles previously used to describe the same position of working in the lots or outside, cleaning and maintaining the vehicles, readying the vehicles for rental, checking in vehicles, working the gate or stalls and replenishment across the United States and its territories who worked in Defendant's Rental Car facilities or locations in the past three (3) years preceding this lawsuit to the day of trial pursuant to FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive.

10. This Court has personal jurisdiction over this action because the Defendant is engaged in business within the state of Florida.

11. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because acts complained of herein took place in this District, and this is the home District where Defendants' corporate offices are located, and where the unlawful policies and practices complained of herein were created, carried and enforced.

## THE PARTIES

12. At all times relevant to this action, Representative Plaintiff, Bamidele Aiyekusibe resided in Houston, Texas.

13. At all times relevant to this action, Plaintiff worked for Hertz at its rental car facility or location at the Houston, William P. Hobby International Airport, in Houston, Texas.

14. At all times relevant to this action, Aiyekusibe, and all other members of the proposed FLSA collective action, were employees of HERTZ within the meaning of 29 U.S.C. § 203(e)(1).

15. Aiyekusibe worked as a Function Manager during his employment with HERTZ from November, 2017 until his termination on or about November 7, 2018.

16. However, when hired, Plaintiff was given the title of Location Manager, and Defendant have used interchangeably the title of Location Manager as synonymous with Function Manager; as, HERTZ even posts a job under the term "Location Manager" on its website but in the description, refers to this posted position as a Function Manager, part of the Operations Management; and other postings for Function Manager or Functional Manger all describe the same position. See https://hertz.jobs/tucson-az/location-manager/7CDB152773E44827853E88CD44BA0510/job/; https://hertz.jobs/boston-ma/function-manager/F58E07A821B9477085965638AFB44387/job/; https://hertz.jobs/greer-sc/function-manager/94778860B13D4EF9B8F5E7F03C0DA9D9/job/.

17. For purposes of the collective action, Aiyekusibe consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

18. At all times relevant to this action, HERTZ employed Aiyekusibe and all other Function Managers of this proposed FLSA collective action within the meaning of 29 U.S.C. § 203(g).

## DEFENDANTS HERTZ CORPORATION

19. Defendant, HERTZ CORPORATION, is a for-profit corporation, which owns and operates Hertz rental car facilities and locations across the United States at airports and other non-airport locations, with its principle place of business at 8501 Williams Road, Estero, Florida 33928. Defendant Hertz Corporation can be served through its registered agent, CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

20. HERTZ is one of the nation's largest rental car companies, with over 1600 franchise and corporate owned locations nationally, including Puerto Rico.

21. Based upon information and belief and from the HERTZ 10k, Hertz employs over one thousand Function Managers throughout the United States at over 200 airport locations, including 4 currently employed Function Managers at Hobby International in Houston.

22. HERTZ conducts substantial business in the state of Florida and throughout the country subjecting it to enterprise coverage under the FLSA.

23. HERTZ had more than $500,000 in revenues for the preceding 3 years of 2017, 2016, and 2015; and its parent corporation, co-defendant Rental Car Intermediate Holdings LLC, and its Parent corporation, the publicly traded, HERTZ Global Holdings Inc. (HTZ).

24. At all relevant times, HERTZ has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

25. HERTZ is subject to the FLSA as a matter of law.

## GENERAL ALLEGATIONS

26. Based upon information and belief, all or substantially all rental car locations at airports across the United States operate with the same training models for employees, career paths, job titles, hierarchy, and employee policies and procedures.

27. Based upon information and belief, all Function and Location Managers are supervised by General or Branch Managers, who oversee the management of the rental locations.

28. Based upon information and belief, the Function and Location Manager Position job description is the same for all states across the nation.

29. No four-year college education is required for the Location or Function Manager Position.

30. Plaintiffs and members of the Class worked numerous overtime hours on a regular and essentially weekly basis on behalf of HERTZ in the performance of their duties as Function Managers.

31. Plaintiff and all other members of the putative class of similarly situated in this proposed collective action, are and were employees of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

32. Plaintiff and members of the Class were misclassified by Defendant as a group as exempt employees, regardless and without any individualized analysis, who were and/or are not entitled to receive overtime compensation under the FLSA for hours that they work on behalf of Defendant in excess of forty (40) hours per week.

33. Despite Defendant's classification of its Function and Location Managers, such as Plaintiffs and members of the Class, as being exempt from the overtime protections of the FLSA, the primary duties, responsibilities and actual circumstances of such Function Managers' work environment, as well as the character of their jobs as a whole, dictate that they were and/or are not exempt under the FLSA.  The reality was and is that Plaintiffs and members of the Class were and/or are not in reality managers or executives as that term is defined pursuant to the FLSA.

34. During his employment with Defendant, Plaintiff and members of the Class' primary job duty was not to supervise subordinate employees or manage Defendant's enterprise or location, as that term is defined under the FLSA.

35. Plaintiff and other Function managers did not perform annual job reviews of their alleged subordinate employees, the Vehicle Service Attendants (VSA).

36. Plaintiff was supposedly to supervise a group of Vehicle Service Attendants (VSA's), but did not, as to these alleged subordinate employees, direct their work, delegate work to them, set their schedules, discipline them, or coach them.

37. In fact, Plaintiff was never involved with decisions on hiring or firing, and was not involved with interviewing new employees or giving recommendations on hiring.

38. Plaintiff's and members of the Class' job duties primarily were manual labor positions, involving: cleaning cars, moving cars, fueling cars, inspection cars, and getting the vehicles ready for rental by customers; they worked the exterior and their duties had nothing to do with sales or renting vehicles or customer service.

39. In fact, the overwhelming majority of Plaintiffs' and members of the Class' work time is and/or was spent performing such menial tasks and/or job duties as described in paragraph 38.

40. Plaintiff and other managers working in the lots and outside were not generally providing customer service, which, even if it was, is not typically recognized as an exempt job duty. Their work had nothing to do with sales, and did not involve any significant decision related to the company and its rental business.

41. At the Hobby rental location, HERTZ employed 4 other outside Function managers, and the day was divided into 2 shifts among them; Hertz also had 4 other inside Function Managers at this location, whose duties and job requirements were wholly different from Plaintiff and the class of similarly situated exterior or outside Managers.

42. Plaintiff was in charge of the car wash and the fuel pump, while other managers were responsible for: instant returns, the lot, cleaning, replenishing, and stalling of vehicles, or working the gate.

43. Plaintiff's primary job duty, and all his job duties, were routine and did not involve the exercise of discretion of independent judgment in matters of significance, nor involve the necessity to make any decisions related to the Defendant's business or business operation, including the management of the location.

44. Plaintiffs and members of the Class did not have the authority to hire or fire employees, nor could they set pay, provide pay raises to employees or promote employees or make any other type of personnel decision; only their superiors or District Managers had such authority to do so.

45. Likewise, Plaintiffs and members of the Class did not perform job duties, which involved the exercise of discretion and/or independent judgment, nor did they enjoy the authority to make independent decisions on matters that affected the business as a whole or any significant part of the business. Their respective job duties did not include engaging in any type of analysis, nor the creation of any reports but instead they simply followed and/or utilized automated or pre-established procedures, checklists or formats in performing all job duties, even including those which arguably that did not involve menial tasks.

46. Plaintiff was paid a weekly salary, last at $39,000 per year, and he, and the other function managers, were scheduled to work approximately a minimum schedule of fifty (50) hours per week, working 5 days on and 2 off.

47. Despite their set schedule, Plaintiffs consistently averaged closer to sixty (60) hours per week and generally, Plaintiff was not able to take a 30-minute, uninterrupted meal break. Breaks were a luxury and even if Plaintiff could grab some food to eat, he continued to work even while eating.

48. Plaintiff and members of the Class were and/or are usually the first employees required to take on the job duties for alleged other subordinate employees (the VSA's) who were out sick or absent for various reasons, thus simply performing more menial job duties such as cashiering and stocking.

49. Defendant did not require Plaintiff and the class of similarly situated to track and record their work hours, and they did not punch any time clock.

50. Plaintiff was expected to stay for as long as necessary to compete all job duties and making the vehicles ready for the day to be rented and taken by the customers on the list who had reservations.

51. As a result, Defendant has engaged in a systematic practice of using and forcing its salaried Function Manager employees who do not receive overtime pay to work many hours in order to avoid having to pay its hourly employees overtime wages for performing the same job duties and work.

52. Plaintiff and members of the Class spent the great majority of their time while employed performing menial job duties, which had nothing to do with managing the Defendant's stores or enterprise, as that term is defined and/or contemplated under the FLSA.

53. The Defendant willfully violated and continues to violate §207 of the FLSA by failing to pay Plaintiffs and others similarly situated the proper overtime compensation for all hours worked in excess of forty (40) per week.

54. Upon information and belief, for the three-year period before this filing, (the "Class Period"), the continued violations of the FLSA §207 that are complained of herein have been practiced and imposed upon all Location and Function Managers nationwide, who have regularly worked in excess of forty (40) hours per week.

55. The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty (40) worked in a week. 29 U.S.C. S 207(a)(1). Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

56. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

57. Plaintiff and members of the Class were, and continue to be, required to work more than forty (40) hours a week during the course of their employment with Defendant.

58. Plaintiff herein alleges on behalf of the members of the putative Class of similarly situated, that Defendant's failure to pay overtime and other compensation was and is a knowing and willful violation of the overtime wage requirements of the FLSA. Accordingly, Plaintiff and the Class seek and are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, an equal sum liquidated damages, prejudgment interest, attorneys' fees and costs under the FLSA's three (3) year statute of limitations.

## FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED

59. Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Class, as well as the applicable compensation rates, is in the possession of Defendant.

60. However, and to the extent records are unavailable, Plaintiffs and members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

61. All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

62. With respect to an employee subject to the minimum wage provisions the following records must be kept:

   a. Personal information, including employee's name, home address, occupation, sex, and birth date if under 19 years of age;
   b. Hour and day when workweek begins;
   c. Regular hourly pay rate for any week when overtime is worked;
   d. Total hours worked each workday and each workweek;
   e. Total daily or weekly straight-time earnings;
   f. Total overtime pay for the workweek;
   g. Deductions from or additions to wages;
   h. Total wages paid each pay period; and
   i. Date of payment and pay period covered

63. Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. *See,* 29 U.S.C. § 215(a)(5); *Also See,* Dunlop v. Gray-Goto, Inc., 528 F.2d 792 (10th Cir. 1976).

64. Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act.  An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked.  *See,* Wirtz v. First State Abstract Ins. Co.*,* 362 F.2d 83 (8th Cir. 1966); Boekemeier v. Fourth Universalist Soc'y*,* 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

65. An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. *See,* Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999) , *citing* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

66. Defendant has failed to accurately record, report, credit and/or compensate its employees, including Plaintiffs and Class members' time records.

67. Defendant has failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR 516.2 and 29 U.S.C. §§ 211, 216 and related laws.

## COLLECTIVE ACTION ALLEGATIONS

68. Plaintiffs bring this action on behalf of the Class, as a collective action pursuant to the Fair Labor Standards Act § 216(b).

69. In Young v. Cooper Cameron Corp., the court stated that: "The requirements of Fed. R. Civ. P. 23 do not apply to the approval of a collective action and thus no showing of numerosity, typicality, commonality and representativeness need be made." Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005)

70. Still, despite the Young Court's ruling, the members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of the members of the Class is unknown to the Plaintiffs at this time, and can only be ascertained through appropriate discovery, the Plaintiffs believe that there are at a minimum many hundreds of individuals in the defined class, if not a thousand or more.

71. Plaintiff will fairly and adequately protect the interests of the Class and have retained counsel that is experienced and competent in class/collective actions and employment litigation.  Plaintiff has no interest that is contrary to, or in conflict with, members of the Class.

72. A collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

73. A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Class likely will not obtain redress of their injuries and Defendant will retain the proceeds from its violations of the FLSA.

74. Furthermore, even if any member of the Class could afford individual litigation against the Company, it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class, and provide for judicial consistency.

75. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The question of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among common questions of law and fact are:

    a. Whether Defendant employed members of the Class within the meaning of the applicable provisions of the FLSA;

    b. Whether Plaintiffs and members of the Class were and/or are improperly classified as exempt pursuant to the protections of the FLSA;

    c. Whether Plaintiffs and members of the Class were expected to, and/or mandated to regularly work hours in excess of forty (40) per week;

    d. Whether Defendant knowingly failed to maintain and preserve accurate and true records of all hours worked and wages earned by the Class; and

    e. Whether Plaintiffs and the Class have sustained damages, and if so, what is the proper measure of such damages.

76. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

77. Pursuant to 20 U.S.C. § 207, Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of:

> All persons employed by HERTZ as Function Managers, Functional Managers, or Location Manager or Location Manager Trainees, and any other job titles previously used to describe the same position of working in the lots or outside, cleaning and maintaining the vehicles, readying the vehicles for rental, checking in vehicles, working the gate or stalls and replenishment across the United States and its territories who worked in Defendant's Rental Car facilities or locations in the past three (3) years preceding this lawsuit to the day of trial pursuant to FLSA, 29 U.S.C. § 216(b).

78. Notice of the pendency and any resolution of this action can be provided to Collective Action Members by mail, print, and/or internet publication.

### **COUNT I – VIOLATION OF THE SECTION § 207 OF THE FLSA: FAILURE TO PAY OVERTIME WAGES**

79. Paragraphs one (1) through seventy-eight (78) are realleged as if fully set forth herein.

80. At all relevant times, Defendant employed Plaintiff, and/or each member of the Class and/or continues to employ members of the Class, within the meaning of the FLSA.

81. Defendant has a policy and practice of refusing to pay overtime compensation to Store Managers for the hours worked in excess of forty (40) hours per week.

82. Defendant knowingly and willfully failed to pay Plaintiff and all other members of the Class overtime compensation at the appropriate legal rate for all hours they performed work on behalf of Defendant above and beyond forty (40) hours per workweek in violation of the FLSA; in particular 29 U.S.C. §§ 206 and 207.

83. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

84. Upon information and belief, Defendant did not have any legal opinion it relied upon or other DOL opinion to classify all Location and Function managers as exempt, such that it cannot and does not have a good faith basis under the FLSA for classifying all as a class as exempt employees; certainly without undertaking any individualized analysis or assessment of each person and the work they were or would be doing.

85. Plaintiff and the class of similarly situated thus are entitled and should be awarded, liquidated damages of an equal sum of the overtime wages awarded or recovered.

86. Due to Defendant's willful FLSA violations, Plaintiff allege on behalf of the members of the Class that they have suffered damages and are entitled to recover from Defendant the unpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**WHEREFORE** Plaintiff, Bamidele Aiyekusibe, prays for:

a. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals across the nation with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join this action as Plaintiffs pursuant to §216(b); and that

    notice be sent to all past and present employees of HERTZ any time during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA;

c. That the Court find HERTZ in violation of the overtime compensation provisions of the FLSA and that the Court find that HERTZ's violations of the FLSA were and are willful;

d. That the Court award Aiyekusibe, and the putative Class of all similarly situated employees overtime compensation for all the previous hours worked over forty (40) hours, in each and every workweek that they did not receive at least a premium for, in any given week during the past three years, AND an equal sum in liquidated damages; in addition interest on said award pursuant to § 216 of the FLSA.

e. That the Court award Aiyukisabe, a collective action representative fee or service award fee for his efforts and time dedicated to bringing justice through this action; and

f. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

**Dated: December 13, 2018**

Respectfully submitted,

*/s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
Florida Bar No. 008349
FELDMAN WILLIAMS PLLC
6940 W. Linebaugh Ave. #101
Tampa, Florida 33625
Telephone: (813) 639-9366
Fax: (813) 639-9376
Email: mitch@feldmanwilliams.com
*Attorney for Plaintiffs*