UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BAMIDELE AIYEKUSIBE, MISCHELE HIGGINSON and SHANTAL BROWN-WINN, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.                                      Case No.:   2:18-cv-816-FtM-38MRM

THE HERTZ CORPORATION and DTG OPERATIONS, INC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is named plaintiffs Bamidele Aiyekusibe's, Mischele Higginson's, and Shantal Brown-Winn's (hereinafter the "*Aiyekusibe* plaintiffs") and Defendants the Hertz Corporation's ("Hertz") and DTG Operations, Inc's., ("DTG") Joint Motion and Stipulation for Conditional Collective Action Certification.  (Doc. 87).  Plaintiffs Daniel Figueroa, Grant Schroeder, and sixty-one purported opt-in plaintiffs represented by the Shavitz Law Group (hereinafter the "*Figueroa* plaintiffs") filed an Objection in Part to Joint Motion and Stipulation for Conditional Collectice [sic] Action Certification.  (Doc. 88).  In response, the *Aiyekusibe* plaintiffs filed their Unopposed Motion to Strike Objection by Figueroa to Joint Motion and Stipulation for Conditional Certification DKT 88 and Plaintiffs' Response to Figueroa Objections.  (Doc. 95).  The *Aiyekusibe* and *Figueroa* plaintiffs thereafter filed a Notice of Resolution of Objection (DE 88) and Motion to Strike (DE 95).  (Doc. 101).  This Court held a

preliminary pretrial conference on October 9, 2019.  (Doc. 104).  Finally, on October 21, 2019, the parties submitted a Joint Notice of Filing Amended Consent and Opt-In Forms.  (Doc. 108).[1]

For the reasons set forth herein, the Undersigned respectfully recommends that:  (1) the Joint Motion and Stipulation for Conditional Collective Action Certification (Doc. 87) be **GRANTED in part and DENIED in part**; and (2) Plaintiffs' Unopposed Motion to Strike Objection by Figueroa to Joint Motion and Stipulation for Conditional Certification DKT 88 and Plaintiffs' Response to Figueroa Objections be **DENIED as moot**.[2]

## PROCEDURAL BACKGROUND

A brief procedural history summarizing the events leading to this Report and Recommendation is instructive.

On December 13, 2018, Plaintiff Bamidele Aiyekusibe sued the Hertz Corporation ("Hertz") under Section 16(b), 29 U.S.C. § 201, *et seq*., of the Fair Labor Standards Act ("FLSA"), alleging Hertz denied him and similarly situated employees overtime compensation.  (Doc. 1).  On February 7, 2019, plaintiff filed a Second Amended Complaint adding named plaintiff Mischele Higginson.  (Doc. 26).  On March 26, 2019, plaintiffs filed their Fourth Amended Complaint adding named plaintiff Shantal Brown-Winn and Defendant DTG Operations, Inc.  (Doc. 38).

---

[1] The parties represent that the Amended Consent and Opt-In Forms (Docs. 108-1 and 108-2) "replace the Consent and Opt-In Forms submitted with the parties' Joint Motion and Stipulation for Conditional Class Certification [] [(Doc. 87)]." Furthermore, the parties represent the Amended Forms "add as Plaintiffs' co-counsel, the Shavitz Law Group, P.A." (Doc. 108 at 1).

[2] Also pending is Plaintiffs' Renewed Motion for Equitable Tolling of Statute of Limitations filed on December 19, 2019.  (Doc. 113).  On December 20, 2019, the Court entered an Order allowing Defendants up to and until January 31, 2020, by which to respond to Plaintiffs' Renewed Motion.  (Doc. 115).  Because the Motion is opposed and Defendants' time by which to respond has yet to expire, the Undersigned will address that issue in a forthcoming Report and Recommendation.

On May 17, 2019, the *Figueroa* plaintiffs filed a separate but overlapping collective action claim against Hertz. *Figueroa et al. v. The Hertz Corp.*, Case No. 2:19-cv-0326-SPC-UAM. Hertz moved to dismiss the collective allegations in the *Figueroa* action on June 20, 2019, arguing the FLSA collective action there substantially overlapped with this instant action. (*Figueroa*, at Doc. 24). The Court, on August 15, 2019, granted Hertz's Motion to Dismiss, finding the first-filed rule applied and allowed the named *Figueroa* plaintiffs to either: (1) file an amended complaint asserting their individual claims; or (2) to opt-in to the *Aiyekusibe* action. (*Id.* at Doc. 50).

On August 16, 2019, the Court denied the *Aiyekusibe* parties' Joint Motion and Stipulation for Conditional Class Certification (Doc. 63) without prejudice, allowing them to refile their Motion after the *Figueroa* plaintiffs either filed amended complaints or opted into *Aiyekusibe* (Doc. 78). All *Figueroa* plaintiffs filed their Notice of Filing of Consent to Join Forms in the *Aiyekusibe* action as opt-in plaintiffs on August 27, 2019. (Docs. 81, 83-86).

Before resolving their dispute, counsel for the *Aiyekusibe* plaintiffs claimed the *Figueroa* plaintiffs improperly opted into this action because they did not "request a consent to join form from [the *Aiyekusibe*] Plaintiffs or Plaintiffs' counsel here, nor signed a new consent form identifying they were opting into this case." (Doc. 95 at 2). The *Aiyekusibe* plaintiffs argue "instead, it appears their attorney, Mr. Shavitz, just took the consents from the Figueroa case and refiled them here." (*Id.*). Counsel for the *Figueroa* plaintiffs argued their notices are proper and allege the *Aiyekusibe* plaintiffs' and Hertz's "Stipulation and Notice is deficient because it seeks to send notice to an under-inclusive group of potential claimants" and the "Stipulated Notice fails to adequately inform putative collective members that they may choose to be represented by Shavitz Law Group." (Doc. 88 at 2).

Eventually, the *Aiyekusibe* and *Figueroa* plaintiffs agreed:  (1) that counsel for these parties will jointly prosecute the collective action; (2) the proposed notice will include both law firms; and (3) that the Consent to Join Forms (Docs. 81, 83-86) are now properly on file and consistent with the Court's Order allowing the *Figueroa* plaintiffs to opt-in.  (Doc. 101 at 1). Plaintiffs also stated that they "will submit a revised Notice and Consent to Join form."  (*Id.* at 2).

The parties discussed these developments with the Undersigned at the October 9, 2019, preliminary pretrial conference.  All parties agreed that the conditional certification issue in the Joint Motion and Stipulation for Conditional Collective Action Certification (Doc. 87) is ripe for review, but the parties disputed the proposed notice.  While plaintiffs' counsel proposed ruling on the Joint Motion's conditional certification aspect first and allowing them to file an amended notice consistent with their agreement, Hertz raised several concerns.  Mainly, Hertz stated that including Mr. Shavitz's firm on the proposed notice would confuse potential opt-in plaintiffs and lead to further delay.  Hertz additionally argued that, despite plaintiffs' counsel's agreement, the unopposed motion to strike the opt-in plaintiffs' response (Doc. 95) should stand.

Finally, on October 21, 2019, the parties submitted their Joint Notice of Filing Amended Consent and Opt-In Forms.  (Doc. 108).  The amended consent to join forms and proposed notice, attached as Exhibits A and B to the filing (Docs. 108-1 and 108-2), replace the opt-in forms and proposed notice attached to the Joint Motion and Stipulation for Conditional Class Certification (Docs. 87-1, 87-2).[3]

---

[3] It appears that the parties resolved their disagreement regarding the proposed notice and that Hertz and DTG no longer object to Mr. Shavitz's firm appearing in the proposed notice. (*See* Doc. 108).

## THE PROPOSED CLASS AND NOTICE

The parties seek Court approval to "conditionally certify this FLSA action as a collective action as to Plaintiffs and opt-in Plaintiffs from the putative class in this action who have joined (and members of the putative class . . . who subsequently join before any court imposed deadline) for purposes of discovery." (Doc. 87 at 2). They seek to notify "all persons who worked for Defendants The Hertz Corporation and DTG Operations, Inc. in the positions of Function Manager or Location Manager, at any time from July 1, 2017 to the present." (*Id.*).

## LEGAL STANDARD

The FLSA authorizes the use of collective actions against employers accused of violating the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008). The purposes of the collective action are twofold: (1) to reduce the burden on plaintiffs by pooling their resources; and (2) to efficiently resolve common issues of fact and law that arise from the same illegal conduct. *Id.* at 1264. Basically, a collective action allows the efficient resolution of a large number of plaintiffs' claims at one time. *Id.*

An FLSA action may be maintained as follows:

> against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "Thus, to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." *Morgan*, 551 F.3d at 1258 (citing *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007)). Further, to participate in a collective action, each individual must affirmatively opt into the suit. *Id.* (citing *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1017 (11th Cir. 2007)).

To establish that plaintiffs are similarly situated, opt-in plaintiffs need only show that their positions are similar, not identical, to the positions held by the putative class members. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). The Eleventh Circuit has adopted a two-tiered approach to determine whether a collective action should be certified under § 216(b). *Id.* at 1218. The two-tiered approach consists of the following:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery. The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives – i.e. the original plaintiffs – proceed to trial on their individual claims. Based on our review of the case law, no representative class has ever survived the second stage of review.

*Hipp*, 252 F.3d at 1218. At this point, the case is at the "notice stage" and the Court must decide whether notice should be given to potential class members.

## DISCUSSION

### I. Other Individuals Seek to Join the Action.

The record reflects named plaintiffs and other individuals who have filed consent documents to join the action. (Docs. 7, 10, 13, 16, 17, 18, 19, 20, 23, 24, 25, 29, 30, 33, 43, 59,

6

62, 64, and 79).  In addition, the *Figueroa* plaintiffs filed sixty-one consent to join forms.  (Docs. 81, 83-86).  The FLSA and court decisions under the FLSA do not require a specific number of opt-ins and, given the fairly lenient standard at the notice stage, the Undersigned is satisfied that the record amply demonstrates there are enough other individuals seeking to join the action.  *See Palma v. Metropcs Wireless, Inc.*, No. 8:13-CV-698-T-33MAP, 2013 WL 6597079, at *3 (M.D. Fla. Jan. 22, 2014) ("There is no magic number requirement" a plaintiff must meet to prove that other putative class members will join or wish to join the action).  Moreover, the *Aiyekusibe* opt-in plaintiffs' affidavits state Hertz employed them as either a location or function manager similar to the named plaintiffs.  (*See* Docs. 7, 10, 13, 16, 17, 18, 19, 20, 23, 24, 25, 29, 30, 33, 43, 59, 62, 64, and 79).  Even agreeing with Hertz that the Court should strike the *Figueroa* plaintiffs' opt-ins, for the sake of argument, over twenty-one current and former managers besides the three named *Aiyekusibe* plaintiffs would remain.  (*See id.*).

      The Undersigned, thus, finds that plaintiffs have met their burden of showing that other similarly situated employees seek to join the action.

**II.**      **The Court Should Not Strike the *Figueroa* Consent to Join Forms.**

      The validity of the *Figueroa* opt-in plaintiffs' Consent to Join Forms was first challenged by the *Aiyekusibe* plaintiffs' Unopposed Motion to Strike Objection by Figueroa.  (Doc. 95). There, counsel for the *Aiyekusibe* plaintiffs argued "attorney Shavitz did not have authority or approval by this Court to simply 'move' and refile the same opt in notices from the *Figueroa* case and refile the identical consent forms in this case, and to 'opt in' all the others."  (*Id.* at 10). Hertz reiterated this position at the preliminary pretrial conference before the Undersigned, claiming that counsel for the *Figueroa* plaintiffs violated the District Judge's Order.  (*See Figueroa*, at Doc. 50 at 10).  Hertz maintains that the *Figueroa* Order only allowed named

plaintiffs Daniel Figueroa and Grant Schroeder to opt into the *Aiyekusibe* matter and the Order did not allow some sixty putative opt-in plaintiffs to refile their previous consent to join forms in the new action.  (*See id.*; *see also* Doc. 95 at 10).  While Defendants no longer object to Mr. Shavitz, counsel for the *Figueroa* plaintiffs, appearing on the proposed notice (*see* Doc. 108), they have made no representation to the Court that they also accept the *Figueroa* opt-ins' consent to join forms (Docs. 83-86) as properly filed.

The Undersigned does not believe the filing of the putative opt-in plaintiffs' consent to join forms contradicts the *Figueroa* Order.  If, however, the District Judge intended to limit opt-ins solely to Mr. Figueroa and Mr. Schroeder, the next question is what becomes of the other *Figueroa* opt-in plaintiffs?

 "The FLSA statutes of limitations are 3 years for willful violations and 2 years for non-willful violations." *Lockwood v. CIS Serv.*, *LLC*, No. 3:16-cv-965-J-39PDB, 2018 WL 8559245, at *2 (M.D. Fla. Jan. 16, 2018); 29 U.S.C. § 255.  The Eleventh Circuit has held that a "putative plaintiff must file his written consent to opt into the class action prior to the expiration of the statute of limitations." *Colson v. Cableview Commc'ns of Jacksonville, Inc.*, No. 3:09-cv-850-J-34JRK, 2010 WL 11507874, at *1 (M.D. Fla. Jan. 20, 2010) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106-1107 (11th Cir. 1996)).  The original complaint does not toll the statute of limitations for opt-in plaintiffs and "only a written consent to opt-in will toll the statute of limitations on an opt-in plaintiff's cause of action." *Grayson*, 79 F.3d at 1106.

Hertz, at the October 9, 2019 preliminary pretrial conference, suggested opt-in plaintiffs who have their consent stricken from this action refile a consent to join form after they receive notice like any other putative opt-in plaintiff.  If the Court strikes the *Figueroa* plaintiffs' notices, however, certain opt-in plaintiffs who filed in time would otherwise find the statute of

8

limitations now precludes their cause of action. These plaintiffs likely cannot equitably toll the statute of limitations.

While the Eleventh Circuit has yet to address the specific question of whether the FLSA's statute of limitations may be equitably tolled for claims of potential opt-in plaintiffs based on a delay in providing notice, tolling is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *see Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2008 WL 700174, at *3-5 (S.D. Fla. Mar. 13, 2008) (finding argument that statute of limitations should be equitably tolled because Court took six months to rule on the motion to issue notice and four months to approve notice "utterly unavailing"); *see also Lockwood*, 2018 WL 8559245, at *2 (refusing to equitably toll statute of limitations for motion to certify class pending over ten months and collecting cases refusing to apply equitable tolling when motions were outstanding for several months).

Rather than strike the *Figueroa* plaintiffs' consent to join forms, the Undersigned respectfully recommends the Court accept the forms as timely, preserving the causes of action for those opt-in plaintiffs. Striking the already filed consent to join forms may deny the *Figueroa* opt-in plaintiffs due process and access to the Court they are entitled to under the FLSA.

Alternatively, in the interests of judicial efficiency and justice, if the *Figueroa* opt-in plaintiffs' consent to join forms are deemed to violate the District Judge's prior Order, the Undersigned recommends allowing the *Figueroa* opt-in plaintiffs to amend their Notice of Filing of Consent to Join Forms (Docs. 83-86) in a manner the presiding District Judge deems acceptable.

### III.     The Proposed Notice May Be Deficient.

When permitting a party to send a notice concerning a collective action, a trial court "has a substantial interest in communications that are mailed for single actions involving multiple parties." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).  By monitoring the preparation and distribution of a notice, "a court can ensure that it is timely, accurate, and informative." *Id*. at 172.  "In general, notices to potential class members in FLSA cases should contain certain information.  For example, notices should include language regarding potential liability for costs and attorney's fees and appropriate definitions of the potential class." *Trentman v. RWL Commc'ns, Inc.*, No. 2:15-CV-89-FtM-38CM, 2015 WL 2062816, at *4 (M.D. Fla. May 4, 2015)

As mentioned, the parties agree on the form of proposed notice.  (*See* Doc. 108-2). However, the presiding District Judge has denied proposed notices that fail to "fully advise potential class members that [d]efendants may attempt to recover attorneys' fees and costs if [p]laintiffs are unsuccessful." *Trentman*, 2015 WL 2062816, at *4 (Chappell, J.) ("Any notice, to be approved by this Court, must include a full disclosure of the individuals' rights *and* responsibilities should they decide to opt-in to the suit." (emphasis in original)); *see also Teahl v. The Lazy Flamingo, Inc.*, No. 2:13-CV-833-FtM-38CM, 2015 WL 179367, at *7 (M.D. Fla. Jan. 14, 2015) (Chappell, J.) (finding unopposed notice defective because it "does not warn potential class members of their responsibility of paying attorney fees in the event that they are unsuccessful on the merits of their claim"); *see also Holmes v. Swissport Fueling, Inc.*, No. 2:16-cv-669-FtM-38MRM, 2017 WL 8794900, at *11 (M.D. Fla. Sep. 1, 2017), *report and recommendation adopted*, No. 2:16-cv-669-FtM-38MRM, 2017 WL 4129838 (M.D. Fla. Sep. 19, 2017) (Chappell, J.) (finding notice deficient because "the [n]otice should reflect that if [opt-

in plaintiffs] are unsuccessful on the merits of their claims, they may be responsible for [defendant's] costs and fees in this matter").

Here, the parties' proposed notice—taken as a whole—may fail to adequately notify potential opt-in plaintiffs they may be liable for Defendants' costs should Defendants prevail. On the one hand, the parties explain that if a putative opt-in joins the lawsuit, they "will be bound by any judgment of the Court, whether it is favorable or unfavorable." (Doc. 108-2 at 4). Furthermore, the parties explain that if an individual chooses *not* to opt-in, "you will not be eligible to receive any portion of any settlement recovery, or court awarded damages if obtained by the Plaintiffs, **but you would also not be liable for sharing any of the costs incurred by Defendants in defending this lawsuit if Defendants prevail**." (*Id.* at 4-5 (emphasis added)). These warnings, taken alone, seem to satisfy the parties' obligation to warn future opt-ins of their potential liability to Defendants should they not prevail at trial. However, both sentences are buried in the proposed notice with the latter under a section titled "You May Choose Not to Join the Lawsuit." (*See* Doc 108-2 at 3).

The Undersigned is concerned that a potential opt-in may fail to notice such language or appreciate what it means for their legal rights because they may think that section does not apply to them. Furthermore, an individual may interpret the consent to join form and proposed notice in a manner inconsistent with what the parties actually intend; that an individual *may* be liable to Defendants for costs. The proposed consent to join form, for example, states "[Claimant] understand[s] that [Plaintiffs' firms] are prosecuting the case on a contingency fee basis and **I will not be charged any attorneys' fees by the firms unless the firms recover money on my behalf**." (Doc. 108-1 at 3 (emphasis added)). In the same section the parties warn potential opt-ins that an unfavorable judgment will bind them, they also state "[i]f you opt-in, your attorneys'

fees and costs will be paid on a pure contingency basis, that is, **you will not be charged any fees or costs by Plaintiffs' counsel unless there is a recovery**." (Doc. 108-2 at 4 (emphasis added)).

On balance, the Undersigned finds that the proposed notice and consent to join form are susceptible to misinterpretation on this point. Therefore, it is respectfully recommended that the presiding District Judge require the parties amend their proposed notice (Doc. 108-2) so a potential opt-in is fully and clearly informed of his or her potential liability to Defendants for costs if Defendants prevail. If, however, the presiding District Judge is satisfied with the proposed notice's language concerning a potential opt-in's liability, the Undersigned finds no other issue with the proposed notice and would recommend approving the proposed notice. In other words, beyond the issue of an opt-in's potential liability, the Undersigned finds the proposed notice to be sufficiently accurate and informative. *See Hoffmann-La Roche Inc.*, 493 U.S. at 171.

## CONCLUSION

The Undersigned finds that the parties have met their burden of showing that there are other similarly situated employees seeking to join this action and are thus entitled to conditional certification. If the presiding District Judge believes certain opt-in plaintiffs' consent to join forms are procedurally improper, the Undersigned recommends accepting the consents as timely, or in the alternative, allowing the potential opt-ins to amend their notices in a manner the presiding District Judge finds acceptable. Finally, the parties proposed notice may fail to fully inform potential opt-ins of their responsibility should Defendants prevail at trial.

**IT IS RESPECTFULLY RECOMMENDED:**

1) Plaintiffs' Unopposed Motion to Strike Objection by Figueroa to Joint Motion and Stipulation for Conditional Certification DKT 88 and Plaintiffs' Response to Figueroa Objections (Doc. 95) be **DENIED as moot** in light of Plaintiffs' Notice of Resolution of Objection (DE 88) and Motion to Strike (DE 95) (Doc. 101).

2) The Joint Motion and Stipulation for Conditional Collective Action Certification (Doc. 87) be **GRANTED in part and DENIED in part** as follows:

   a. The Court **GRANT** conditional certification under 29 U.S.C. § 216(b) based on the parties' stipulated definition of "all persons who worked for Defendants The Hertz Corporation and DTG Operations, Inc. in the positions of Function Manager or Location Manager, at any time from July 1, 2017 to present." (Doc. 87 at 2).

   b. If the presiding District Judge finds the parties' proposed notice fails to adequately inform future opt-ins of their potential liability for Defendants' costs, the Court **DENY** the Joint Motion and Stipulation for Conditional Collective Action Certification (Doc. 87) to the extent the parties seek approval of their proposed notice (Doc. 108-2) as it is currently written.

   c. The parties be directed to meet and confer and submit an amended proposed Notice (Doc. 108-2) consistent with this Report and Recommendation (or any order of the presiding District Judge approving, modifying, or rejecting this Report and Recommendation) by a date certain for the Court's further consideration and approval.

3) The Court accept as timely the *Figueroa* opt-in plaintiffs' notice of filing consent to join forms (Doc. 83-86). In the alternative, the Court allow and require such opt-in plaintiffs to file amended consent to join forms in a manner the presiding District Judge finds acceptable by a date certain.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on January 28, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties