**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

BAMIDELE AIYEKUSIBE,
MISCHELE HIGGINSON, AND
SHANTAL BROWN-WINN, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.

THE HERTZ CORPORATION and
DTG OPERATIONS, INC.,

    Defendants.

                       Case No. 2:18-CV-0816-UA-MRM

                   /

**DEFENDANTS' RESPONSE IN OPPOSITION**
**TO PLAINTIFFS' MOTION FOR EQUITABLE TOLLING**

Defendants Hertz Corporation ("Hertz") and DTG Operations, Inc. ("DTG") (collectively, the "Defendants") hereby submit this Response in Opposition to Plaintiffs' Motion for Equitable Tolling (DE #113).

**MEMORANDUM OF LAW**

**I.**    **Introduction**

The Eleventh Circuit has long held that equitable tolling is an extraordinary remedy that should be extended only sparingly and in limited circumstances. Plaintiffs' Motion for Equitable Tolling should be denied because they fail to meet that exacting standard. Plaintiffs have failed to show, as they must, that potential opt-in plaintiffs have been reasonably induced to refrain from filing a timely claim. Further, Plaintiffs bear a significant share of responsibility for any unjustifiable delays.

Plaintiffs lay the blame on the Court for its alleged delay in ruling on the Parties' Joint Motion and Stipulation for Conditional Collective Action Certification. Courts within the Eleventh Circuit, however, routinely deny motions for equitable tolling like the present one (and where motions have been pending for longer time periods) because, during the pendency of a motion for conditional certification, putative class members have two options for filing a timely claim: (1) opt into the present collective action if they are aware of it, or (2) file an individual FLSA action regardless of whether they are aware of the present action.

Courts may consider equitable tolling where defendants have engaged in conduct that has reasonably induced potential opt-in plaintiffs to refrain from filing a timely claim, but that is not true, or even alleged, here. To the extent that Plaintiffs point to delays to justify equitable tolling, Plaintiffs have been a principal source of any delays that have impeded the progression of the present case. Thus, such delays cannot justify equitable tolling. As set forth more fully below, Plaintiffs' Motion for Equitable Tolling should be denied.

## II.     Relevant Procedural Background

On December 13, 2018, Plaintiff Bamidele Aiyekusibe ("Aiyekusibe"), through his counsel—the Feldman Legal Group—filed a Complaint against Hertz pursuant to § 16(b) of the Fair Labor Standards Act, alleging that Plaintiff Aiyekusibe and others similarly situated were unlawfully denied overtime compensation, which Hertz vehemently denies. (DE #1). In a series of amendments from January through March 2019, Plaintiff Aiyekusibe added named plaintiffs Mischele Higginson and Shantal Brown-Winn, as well as defendant DTG Operations, Inc. (DE #12, 26, 35, 38).

On April 12, 2019, Defendants filed their Answer and Defenses to Plaintiffs' Fourth Amended Complaint. (DE #44).

On April 15, 2019, Plaintiffs filed their Motion for Conditional Certification, seeking conditional certification of a collective action on a nationwide basis and authorization to send notice of the collective action to putative nationwide class members. (DE #48).

On April 17, 2019, this Court issued an FLSA Scheduling Order, tolling the statute of limitations from the date of the FLSA Scheduling Order until the parties notified the Court of compliance with its requirements. (DE #50).

On May 17, 2019, Plaintiffs Daniel Figueroa and Grant Schroeder (the "*Figueroa* Plaintiffs"), through their counsel The Shavitz Law Group, filed a Complaint against Hertz, alleging collective action claims duplicative of the claims alleged in the *Aiyekusibe* action. *Figueroa*, 2:19-cv-0326-SPC-UAM, ECF No. 1 (M.D. Fla.).

On June 19, 2019, the *Aiyekusibe* Plaintiffs and Defendants filed their Joint Motion and Stipulation for Conditional Class Certification. (DE #63).

On June 20, 2019, Defendants moved to dismiss the duplicative *Figueroa* action. *Figueroa*, 2:19-cv-0326-SPC-UAM, ECF No. 24 (M.D. Fla). That same day, the *Figueroa* Plaintiffs filed a Motion to Conditionally Certify an FLSA Collective Action and Authorize Notice to Potential Collective Members. *Figueroa*, 2:19-cv-0326-SPC-UAM, ECF No. 27 (M.D. Fla.).

On July 10, 2019, the *Figueroa* Plaintiffs filed a Motion to Consolidate with the *Aiyekusibe* action. *Figueroa*, 2:19-cv-0326-SPC-UAM, ECF No. 40 (M.D. Fla.).

On July 15, 2019, the *Aiyekusibe* Plaintiffs and Defendants filed their Joint Report Regarding Settlement, notifying this Court that the Parties exhausted all settlement efforts, in compliance with the FLSA Scheduling Order. (DE #71).

On August 15, 2019, this Court granted Defendants' Motion to Dismiss Collective Action Allegations in the *Figueroa* action, noting in the opening sentence that the two cases "are quickly becoming a mess," and also denied the *Figueroa* Plaintiffs' Motion to Consolidate and Motion to Certify Class. *Figueroa*, 2:19-cv-0326-SPC-UAM, ECF No. 50 (M.D. Fla.). This Court provided the *Figueroa* Plaintiffs with *only two options*, allowing them to (1) file an amended complaint, removing all collective action allegations and asserting their two individual claims, or (2) become opt-in plaintiffs in the *Aiyekusibe* action. *Id.*

On August 16, 2019, this Court denied the Parties' Joint Motion and Stipulation for Conditional Class Certification without prejudice, allowing the Parties to refile, but only after the *Figueroa* Plaintiffs filed an amended individual complaint in the *Figueroa* action or filed their two opt-in notices in the *Aiyekusibe* action. (DE #78).

On August 27, 2019, the *Figueroa* Plaintiffs filed their own notices of consent to join in the *Aiyekusibe* action as opt-in plaintiffs. (DE #81). In contravention of the Court's instruction, the individuals who opted into *Figueroa* before it was dismissed also filed opt-in notices in *Aiyekusibe*.[1] (DE #83–86).

On August 29, 2019, the Parties refiled their Joint Motion and Stipulation for Conditional Collective Action Certification ("Joint Motion for Conditional Certification").

---

[1] Defendants recognize that the Report and Recommendation, entered on January 28, 2020 (DE #117), disagrees with Defendants' position concerning whether the Court's order intended to permit the *Figueroa* opt-in plaintiffs to join this action.

(DE #87). In response, on August 30, 2019, the *Figueroa* Plaintiffs—after opting into the *Aiyekusibe* action—filed an "opposition," arguing that the stipulated notice was deficient because (1) it would be sent to an "under-inclusive group of potential claimants," and (2) it failed to inform potential collective action members that they may choose to be represented by either counsel for the *Aiyekusibe* Plaintiffs or counsel for the *Figueroa* Plaintiffs. (DE #88).

On September 6, 2019, the *Aiyekusibe* Plaintiffs filed a Motion to Strike the Objection, chastising counsel for the *Figueroa* Plaintiffs for interfering with the pre-existing *Aiyekusibe* action, among other criticisms. (DE #95).

On October 4, 2019, over four-and-a-half months after the duplicative *Figueroa* action was filed and on the eve of a case management conference set for October 9, (DE #94), counsel for the *Aiyekusibe* Plaintiffs and counsel for the *Figueroa* Plaintiffs filed a Notice of Resolution, explaining that they had agreed to jointly prosecute the claims of the putative class members, thus becoming co-counsel for Plaintiffs. (DE #101).

On December 19, 2019, Plaintiffs filed the instant Motion for Equitable Tolling, seeking to equitably toll the statute of limitation, effective July 15, 2019, for putative class members who may, in the future, choose to opt into this action, and whose claims they assert may be adversely affected by the running of the FLSA statute of limitations period. (DE #113). Plaintiffs request that this Court equitably toll the statute of limitations given the passage of time since the filing of the Parties' Joint Motion for Conditional Certification. (DE #113).

## LEGAL ARGUMENT

A.   **FLSA Statute of Limitations.**

Under the FLSA, an employee may bring an action on behalf of himself and other employees similarly situated within two years of when the action accrued or, in the case of a willful violation, within three years. 29 U.S.C. §§ 216(b), 255(a). To join an FLSA collective action, an employee must consent, or opt in, to the action by filing with the court a written consent to join. 29 U.S.C. §§ 216(b), 256(b); *see also Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1014 (11th Cir. 2007). The action is not considered commenced for purposes of the statute of limitations until the date that the plaintiff's written consent is filed with the court. 29 U.S.C. § 256(b).

B.   **Equitable tolling is an extraordinary remedy that is applied sparingly.**

Equitable tolling is an "extraordinary remedy" that suspends the operation of the statute of limitations in limited circumstances and, thus, "which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (citing *Irwin v. Veterans Admin.*, 498 U.S. 89, 96 (1990)). Tolling is permitted "only upon finding an inequitable event that prevented plaintiff's timely action." *Id.* (internal quotation marks omitted).

The rarity of employing equitable tolling is evidenced by the limited circumstances in which the Eleventh Circuit has permitted its use. "'Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 846 (11th Cir. 2013) (quoting *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006)). Equitable tolling also has been permitted where a plaintiff "has been induced or tricked by his adversary's

6

misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96; *see also Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) (per curiam) (finding that an employer submitting "'Receipts for Payment of Back Wages' knowing that they were false [was] sufficient to suggest equitable tolling").

Courts, however, have consistently refused to permit equitable tolling where potential plaintiffs have *not* been reasonably induced to refrain from filing a timely claim. *See Irwin*, 498 U.S. at 96 (holding equitable tolling was not appropriate where plaintiff failed to file his Title VII complaint within thirty days of his attorney's receipt of the right-to-sue letter); *Motta*, 717 F.3d at 846–47 (declining to apply equitable tolling because the plaintiff's "untimely filing could have been avoided with due diligence"); *Sandvik v. United States*, 177 F.3d 1269, 1271–72 (11th Cir. 1999) (declining to apply equitable tolling because untimely filing was due to neglect, not extraordinary circumstances).

### C. **Potential opt-in plaintiffs have not been reasonably induced to refrain from filing a timely claim.**

Plaintiffs do not argue, much less show, that potential opt-in plaintiffs have been reasonably induced to refrain from filing a timely claim. Nothing has hindered potential opt-in plaintiffs from filing an FLSA claim. Indeed, Plaintiffs' counsel has operated a website since January 2019 seeking opt-ins to join the case and dozens filed such opt-ins before the Parties filed the Stipulated Notice Motion. (DE # 16-19, 21-25, 33, 34, 43). On the other hand, and as Plaintiffs admit, Defendants have not engaged in any misconduct that has prevented potential opt-in plaintiffs from filing a claim within the applicable statute of limitations period. With nothing else to point to, Plaintiffs instead claim that the Court's "delay" in ruling on the Parties' Joint Motion for Conditional Certification justifies equitable tolling. Faced with the

7

Eleventh Circuit's guidance that equitable tolling is "extraordinary" and is to be used "sparingly," Plaintiffs rely on non-binding authority from outside the Eleventh Circuit to argue that a perceived delay in sending notices to potential opt-in plaintiffs because of "the court's heavy docket" demands application of equitable tolling. *See, e.g.*, *McGlone v. Contract Callers, Inc.*, Case No. 4:12-cv-0007, 2012 U.S. Dist. LEXIS 49702, at *16–17 (S.D.N.Y. Apr. 9, 2012); *Thompson v. Direct Gen. Consumer Prods.*, Case No. 3:12-cv-1093, 2014 U.S. Dist. LEXIS 28912, at *23–24 (M.D. Tenn. Mar. 5, 2014).

Plaintiffs fail to apply, let alone mention, the controlling equitable tolling standard employed in the Eleventh Circuit; that is, equitable tolling is not warranted unless potential opt-in plaintiffs have been reasonably induced to refrain from filing timely claims. *See Justice*, 6 F.3d at 1479; *In re Tyson Foods, Inc.*, Case No. 4:07-MD-1854, 2008 U.S. Dist. LEXIS 81626, at *20 (M.D. Ga. Oct. 15, 2008); *Chapman v. Fred's Stores of Tenn., Inc.*, Case No. 2:08-cv-1247-HGD, 2013 U.S. Dist. LEXIS 58069, at *39–40 (N.D. Ala. Mar. 15, 2013); *Jones v. JRN Inc.*, Case No. 4:16-CV-141, 2016 U.S. Dist. LEXIS 191625, at *21–22 (M.D. Ga. Jul. 12, 2016). Under that standard, equitable tolling is not warranted here.

i. *A court's heavy docket does not warrant equitable tolling.*

Plaintiffs' reliance on non-binding authority for the proposition that a "court's heavy docket" demands equitable tolling is not supported by Eleventh Circuit precedent. In fact, Plaintiffs cite to only one district court case within the Eleventh Circuit to support their position, but the case is readily distinguishable. *See Gutescu v. Carey Int'l, Inc.*, Case No. 01-4026-CIV-MARTINEZ, 2004 U.S. Dist. LEXIS 31105 (S.D. Fla. Feb. 24, 2004). The *Gutescu* court permitted equitable tolling where the court took over eighteen months to rule on the

8

parties' motion for conditional certification, noting that the delay was caused, in part, by the parties' inability to cooperate during discovery. *See id.* at \*11–12 ("[T]he parties engaged in discovery -- a process not marked with the spirit of cooperation and civility envisioned by the Federal Rules of Civil Procedure and the Local Rules. As a result, additional delays ensued.").

The circumstances presented in *Gutescu* are not present here. First, the Parties here filed their initial Joint Motion for Conditional Certification on June 19, 2019, (DE #63)—only six months prior to the date that the Plaintiffs filed the present motion before this Court. But after unwinding the "mess" created by the *Figueroa* Plaintiffs filing a duplicative complaint against Defendants, this Court denied the Parties' initial Motion for Conditional Certification without prejudice and invited them to re-file it. (DE #78). After the *Figueroa* Plaintiffs decided to opt into the *Aiyekusibe* action, the Parties refiled their Joint Motion for Conditional Certification on August 29, 2019, and it was pending for less than four months when the Plaintiffs filed their Motion for Equitable Tolling. (DE #87).

Second, the eighteen-month delay in *Gutescu* was caused, in part, by the parties' inability to cooperate during discovery. *See id.* Here, Defendants have been cooperative during the pendency of this proceeding—Defendants have caused no delays and even negotiated in good faith a stipulated notice to be sent to potential opt-in plaintiffs. *Gutescu*, therefore, is factually distinguishable and should not inform this Court's decision.

Further, *Gutescu* is something of an outlier. A court in this District refused to apply *Gutescu*'s holding and denied equitable tolling where a motion had been pending seven months (longer than the one here). *See Palma v. MetroPCS Wireless, Inc.*, Case No. 8:13-cv-698-T-33MAP, 2013 U.S. Dist. LEXIS 180373 (M.D. Fla. Dec. 26, 2013). In *Palma*, the plaintiffs

9

sought to rely on *Gutescu* for equitable tolling, but the district court found *Gutescu* inapposite, noting that while it is "unusual" for a motion for conditional certification to remain pending for eigtheen months, it is not "extraordinary" for such a motion to remain pending for seven months. *Id.* at *3–4. The district court further noted that "courts in the Eleventh Circuit routinely deny motions like the present one because, during the pendency of the Motion for Conditional Certification, 'putative class members had two options for filing a timely claim: (1) opt into this collective action if they were aware of it, or (2) file an individual FLSA action.'" *Id.* at *5 (quoting *Ramos-Barrientos v. Bland*, Case No. 606-cv-089, 2010 U.S. Dist. LEXIS 37562, at *5 (S.D. Ga. Apr. 15, 2010)).

Like the *Palma* court's decision, many courts within the Eleventh Circuit have rejected plaintiffs' arguments that equitable tolling is warranted where a motion for conditional certification has been pending for multiple months and longer than the motion here has been pending. *See, e.g.*, *Fiore v. Goodyear Tire and Rubber Co.*, Case No. 2:09-cv-843, 2011 U.S. Dist. LEXIS 24371, at *10 (M.D. Fla. Mar. 10, 2011) ("plaintiff has failed to demonstrate that extraordinary circumstances warrant tolling of the statute of limitations" even though the court took over nine months to grant the FLSA motion for conditional certification); *Love v. Phillips Oil, Inc.*, Case No. 3:08-cv-92, 2008 U.S. Dist. LEXIS 102366, at *6–8 (N.D. Fla. Dec. 9, 2008) (rejecting plaintiffs' request for equitable tolling where the FLSA motion for conditional certification was pending for nine months before being granted); *Pendlebury v. Starbucks Coffee Co.*, Case No. 04-80521, 2008 U.S. Dist. LEXIS 20089, at *9, 13–14 (S.D. Fla. Mar. 13, 2008) (rejecting plaintiffs' argument that statute of limitations should be equitably tolled

because it took the court six months to rule on the FLSA motion for conditional certification and four months to approve the notice to the potential class members).

In short, courts in the Eleventh Circuit regularly reject requests for equitable tolling for cases where motions have been pending much longer than the motion here. Further, those cases did not have delays caused by the conduct of the party seeking equitable tolling, as has been the case here. Plaintiffs' Motion fails to meet the Eleventh Circuit's standard of showing the limited circumstances needed to grant the "extraordinary remedy" of equitable tolling, and should therefore be denied.

### ii. *Plaintiffs have failed to meet their burden of proving that potential opt-in plaintiffs have been reasonably induced to refrain from filing a timely claim.*

Plaintiffs have also failed to meet the other requirement for allowing equitable tolling; that is, showing that potential opt-in plaintiffs have been reasonably induced to refrain from filing a timely claim. *See, e.g.*, *Tyson*, 2008 U.S. Dist. LEXIS 81626, at *20 (refusing to apply equitable tolling because potential opt-in plaintiffs had the opportunity to file individual FLSA claims or opt into the collective action even though no court-approved notice had been issued); *Jones*, 2016 U.S. Dist. LEXIS 191625, at *21–22; *Chapman*, 2013 U.S. Dist. LEXIS 58069, at *39–40; *Justice*, 6 F.3d at 1479.

In *Tyson*, a district court in the Middle District of Georgia denied a motion for equitable tolling involving a more than six-and-a-half year delay in ruling on (and denying) plaintiffs' motion for conditional certification. 2008 U.S. Dist. LEXIS 81626, at *12–14, 17. In a later-filed consolidated FLSA case, the court rejected a request to toll the statute of limitations based on the prior case's delay in ruling on conditional certification. *Id.* at *17.

11

Relying on relevant Eleventh Circuit authority, the district court held that no compelling equitable reason existed to permit tolling of the statute of limitations period, reasoning that the plaintiffs failed to show that any potential opt-in plaintiffs were reasonably induced to refrain from filing a timely claim. *Id.* at *20–21 ("[T]he potential opt-in plaintiffs had two options for filing a timely claim: (1) opt in to [the previous FLSA action] if they knew about it, or (2) file separate FLSA claims whether they knew about [the previous action] or not. Either way, no action of the [previous] court lulled the potential [] opt-in plaintiffs into inaction."). Similarly, in *Jones v. JRN Inc.*, the district court denied equitable tolling in a misclassification case, reasoning that the putative opt-in plaintiffs "knew what their primary job duties were, and they knew that they were not paid overtime if they worked more than forty hours in a week," so they had the information they needed to file an FLSA claim. 2016 U.S. Dist. LEXIS 191625, at *21–22. Similar to the potential opt-ins in *Jones*, here, potential opt-in plaintiffs know about their primary duties and their salaried status, and have, or had, the information they need to file an FLSA claim, and many have done so. *Id.* at *22. No compelling equitable reason exists to toll their claims.

Nor is Plaintiffs' claim that the "interests of justice" will be served sufficient to overcome this deficiency. In fact, the interests of justice will *not* be served by equitable tolling.

> The interests of justice are most often aligned with the plaintiff when the defendant misleads her into allowing the statutory period to lapse; when she has no reasonable way of discovering the wrong perpetrated against her; or when she timely files a technically defective pleading and in all other respects acts with proper diligence[,] which statutes of limitation were intended to insure.

*Justice*, 6 F.3d at 1479 (internal citations and quotation marks omitted). But "[t]he interests of justice side with the defendant when the plaintiff does not file her action in a timely fashion despite *knowing or being in a position reasonably to know that the limitations period is running*; and of course, when she fails to act with due diligence." *Id.* (emphasis added). As Plaintiffs agree, Defendants have not engaged in any conduct that has hindered the putative class members from filing a timely claim. While Plaintiffs allege that they acted with due diligence in obtaining conditional certification and notifying all collective action members, "due diligence on the part of the plaintiff, though necessary, is not sufficient to prevail on the issue of equitable tolling." *Id.* Rather, Plaintiffs have the burden of proving that potential opt-in plaintiffs have been "reasonably induced to refrain from filing a timely claim." *Tyson*, 2008 U.S. Dist. LEXIS 81626 at *20; *see also Chapman v. Fred's Stores of Tenn., Inc.*, Case No. 2:08-cv-1247-HGD, 2013 U.S. Dist. LEXIS 58069, at *39–40 (N.D. Ala. Mar. 15, 2013); *Jones*, 2016 U.S. Dist. LEXIS 191625 at *22. Plaintiffs have failed to meet their burden, and their Motion for Equitable Tolling should therefore be denied.

### iii.    *Plaintiffs are the source of unjustifiable delays, if any.*

A four-month period does not warrant equitable tolling, but Plaintiffs blame that period on the Court, when their own conduct is really the culprit. Plaintiffs allege that "the delay in issuing notice is due to factors outside the control of the parties." (DE #113). This claim is belied by the record. To date, counsel for Plaintiffs (1) initiated a duplicative collective action, leading to a motion to dismiss, a motion for transfer and consolidation, and a duplicative motion for notice, all causing this Court to deny the Parties' initial Joint Motion for Conditional Certification and creating "a mess"; and (2) now-co-counsel filed multiple pleadings

13

lambasting each other's conduct and making unnecessary objections to the notice that were later withdrawn, serving no useful purpose, but taking the Parties' and the Court's time.

Simply put, the time period that has lapsed does not justify equitable tolling, but to the extent the time period is longer, it is a result of Plaintiffs' own conduct, not the Court's, and certainly not Defendants'. Thus, equitable tolling is not appropriate.

## CONCLUSION

For the reasons set forth above, Plaintiffs have failed to prove that they are entitled to the extraordinary remedy of equitable tolling. Plaintiffs' Motion should therefore be denied.

Date: January 31, 2020

Respectfully submitted,

s/ Reed L. Russell
John E. Phillips
Florida Bar No. 823155
Reed L. Russell
Florida Bar No. 0184860
Erin L. Malone
Florida Bar No. 0036074
PHELPS DUNBAR LLP
100 South Ashley Drive
Suite 2000
Tampa, Florida 33602-5311
Telephone: (813) 472-7550
Facsimile: (813) 472-7570
Email: john.phillips@phelps.com
Email: reed.russell@phelps.com
Email: erin.malone@phelps.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 31, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to:

Mitchell L. Feldman
Feldman Legal Group
6940 W. Linebaugh Avenue
Suite 101
Tampa, Florida 33625
Email: mlf@feldmanlegal.us

Gregg I. Shavitz
Alan L. Quiles
Tamra C. Givens
Shavitz Law Group, P.A.
951 Yamato Road
Suite 285
Boca Raton, Florida 33431
Email: gshavitz@shavitzlaw.com
Email: aquiles@shavitzlaw.com
Email: tgivens@shavitzlaw.com

Attorneys for Plaintiffs

                                                      s/ Reed L. Russell
                                                      Attorney for Defendants