# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

BAMIDELE AIYEKUSIBE,
MISCHELE HIGGINSON, AND
SHANTAL BROWN-WINN, individually and
on behalf of all others similarly situated,

      Plaintiffs,

Case No. 2:18-CV-0816-UA-MRM

v.

THE HERTZ CORPORATION and
DTG OPERATIONS, INC.,

      Defendants.

          /

## DEFENDANTS' RESPONSE TO THE REPORT AND RECOMMENDATION

Defendants Hertz Corporation ("Hertz") and DTG Operations, Inc. ("DTG") (collectively, the "Defendants") hereby respectfully submit this Response to the Magistrate Judge's Report and Recommendation on the parties' Joint Motion and Stipulation for Conditional Collective Action Certification (DE #117).

### I.      Brief Procedural History

On August 29, 2019, the Parties refiled their Joint Motion and Stipulation for Conditional Collective Action Certification ("Joint Motion for Conditional Certification"). (DE #87).  On October 21, 2019, the parties submitted a Joint Notice of Filing Amended Consent and Opt-In Forms (DE #108).

On January 28, 2020, the Magistrate Judge entered the instant Report and Recommendation on the parties' Joint Motion for Conditional Certification (DE #117).  The

Magistrate Judge largely recommends that the Court grant the parties' Joint Motion for Conditional Certification, but recommends a single proposed adjustment to the stipulated notice regarding opt-in plaintiffs' potential liability for Defendants' attorneys' fees and costs.

On February 6, 2020, Plaintiffs' filed their Objections and Response to the Report and Recommendation wherein Plaintiffs propose their own language regarding opt-in plaintiffs' potential liability (DE #120, p. 11). Plaintiffs' proposed language is contrary to the Magistrate Judge's recommended language. Moreover, Plaintiffs now request that the Court order Defendants to produce the list of potential opt-in plaintiffs within five (5) days of the Court's anticipated Order on the Joint Motion for Conditional Certification (DE #120, p. 11). Plaintiffs' request is contrary to the parties' agreement set forth in the Joint Motion for Conditional Certification, requiring Defendant to produce the list within 21 days—not 5 days—of the Court's anticipated Order (DE #87, p. 3). The parties' agreement on that process was accepted by the Magistrate Judge's Report and Recommendation.

## II.     Defendants' Response to the Report and Recommendation

Defendants agreed to the form of the parties' stipulated notice submitted to the Court and believe it is a reasonable arms-length compromise under the circumstances (DE #87, 108). Nevertheless, Defendants believe that the Magistrate Judge's single proposed adjustment to the stipulated notice regarding opt-in plaintiffs' potential liability for Defendants' attorneys' fees and costs does not materially alter the parties' stipulated notice (DE #117). To the extent the Court is inclined to adopt the Report and Recommendation, Defendants do not oppose the Magistrate Judge's proposed language. To that end, Defendants suggest that the parties adopt the recommended language of one of the examples proposed by the Magistrate Judge in the

Report and Recommendation, which has been previously approved by this Court, such as: "[I]f . . . opt-in plaintiffs are unsuccessful on the merits of their claims, they may be responsible for [defendants'] costs and fees in this matter." *Holmes v. Swissport Fueling, Inc.*, 2017 U.S. Dist. LEXIS 153039, at \*34, 2017 WL 8794900, at \*11 (M.D. Fla. Sept. 1, 2017, *report and recommendation adopted*, No. 2:16-cv-669-FtM-38MRM, 2017 U.S. Dist. LEXIS 151779, 2017 WL 4129839 (M.D. Fla. Sept. 19, 2017) (Chappell, J.).

Contrary to the Magistrate Judge's proposed language, Plaintiffs' proposed language is contrary to any of the examples of provisions the Magistrate Judge cited that had been approved by the Court in the past, and Defendants do not agree to it.  Given that it is contrary to previously Court-approved language, Plaintiffs' language is unlikely to be accepted.  Proposing something that is contrary to what the Court has approved in the past, in the face of being provided examples of what the Court has approved, serves no useful purpose.

Finally, Defendants object to Plaintiffs request for an accelerated deadline for Defendants to produce the list of potential opt-in plaintiffs (DE #120, p. 11).  Initially, Plaintiffs' request is not a response or objection to the Report and Recommendation, and so should not be considered.  Regardless, Plaintiffs' request contradicts the parties' agreed upon deadline set forth in the Joint Motion for Conditional Certification for Defendants to produce the list within 21 days—not 5 days—of the Court's anticipated Order (DE #87, p. 3), a deadline that was accepted by the Magistrate Judge's Report and Recommendation.  Thus, Plaintiffs' request should be rejected for that reason as well.

## CONCLUSION

Defendants agreed to the form of the parties' stipulated notice submitted to the Court (DE #87, 108), but do not oppose the Magistrate Judge's single proposed adjustment to the stipulated notice because it does not materially alter the parties' stipulated notice.  Defendants oppose Plaintiffs' proposed language regarding opt-in plaintiffs' potential liability (DE #120, p. 11).  Moreover, Defendants oppose Plaintiffs' inappropriate request to modify the parties' agreed upon deadline for Defendants to produce the list of potential opt-in plaintiffs from 21 days to 5 days (DE #87, 120).


Date: February 11, 2020

<div style="margin-left:40%">

Respectfully submitted,


s/ Reed L. Russell
John E. Phillips
Florida Bar No.  823155
Reed L. Russell
Florida Bar No. 0184860
Erin L. Malone
Florida Bar No. 0036074
PHELPS DUNBAR LLP
100 South Ashley Drive
Suite 2000
Tampa, Florida 33602-5311
Telephone: (813) 472-7550
Facsimile: (813) 472-7570
Email: john.phillips@phelps.com
Email: reed.russell@phelps.com
Email: erin.malone@phelps.com

Attorneys for Defendants

</div>

PD.27993297.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2020, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system which will send a notice of electronic

filing to:

> Mitchell L. Feldman
> Feldman Legal Group
> 6940 W. Linebaugh Avenue
> Suite 101
> Tampa, Florida 33625
> Email: mlf@feldmanlegal.us
>
> Gregg I. Shavitz
> Alan L. Quiles
> Tamra C. Givens
> Shavitz Law Group, P.A.
> 951 Yamato Road
> Suite 285
> Boca Raton, Florida 33431
> Email: gshavitz@shavitzlaw.com
> Email: aquiles@shavitzlaw.com
> Email: tgivens@shavitzlaw.com
>
> Attorneys for Plaintiffs

s/ Reed L. Russell
Attorney for Defendants

PD.27993297.1