UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BAMIDELE AIYEKUSIBE, MISCHELE
HIGGINSON and SHANTAL BROWN-
WINN, individually and on behalf of all
others similarly situated,

      Plaintiffs,

v.                                Case No.:  2:18-cv-816-FtM-38MRM

THE HERTZ CORPORATION and DTG
OPERATIONS, INC.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is plaintiffs' Renewed Motion for Equitable Tolling of Statute of Limitations.  (Doc. 113).  Also before the Court is Defendants' Response in Opposition to plaintiffs' Motion for Equitable Tolling.  (Doc. 121).  Plaintiffs also request the opportunity to present oral argument on their Renewed Motion.  (Doc. 113 at 9).  The Undersigned notes that plaintiffs represent, in their Certificate of Conferral, that "Defendants do not oppose the equitable tolling relief sought in this motion, but only for a period of the 60 days from the expiration of the prior tolling on July 15, 2019." (*Id.*).  Defendants, however, state in their response that "equitable tolling is not appropriate" and "[p]laintiffs' Motion should therefore be denied." (Doc. 119 at 14).  The Undersigned construes Defendants' response as a general opposition to plaintiffs' Renewed Motion.  Therefore, because the matter is ripe from the parties' filings and for the reasons discussed herein, the Undersigned respectfully recommends plaintiffs' Renewed Motion (Doc. 113) be **DENIED** without oral argument.

# BACKGROUND

Given the nature of plaintiffs' Renewed Motion, a summary of the relevant procedural history is appropriate.  This is a purported collective action under Section 16(b), 29 U.S.C. § 201, *et seq.*, of the Fair Labor Standards Act ("FLSA").  (Doc. 1).  Named plaintiff Bamidele Aiyekusibe initiated the action on December 13, 2018 (*id.*), thereafter adding named plaintiffs Mischele Higginson and Shantal Brown-Winn through a series of filings from January through March of 2019.  (Docs. 26, 38).

On May 17, 2019, the *Figueroa* plaintiffs filed a separate but overlapping collective action claim against Defendant the Hertz Corporation.  *Figueroa et al. v. The Hertz Corp.*, Case No. 2:19-cv-0326-SPC-UAM.  The Court, on August 15, 2019, found the first-filed rule applied to the *Figueroa* action and granted Hertz's motion to dismiss.  (*Id.* at Doc. 50).  The parties *sub judice* filed a Joint Motion and Stipulation for Conditional Class Certification on June 19, 2019 (Doc. 63), which the Court denied without prejudice in favor of allowing the *Figueroa* plaintiffs to either file amended complaints or opt into the *Aiyekusibe* action (Doc. 78).

Subsequently, starting around late August 2019, counsel for the *Figueroa* plaintiffs began filing notices of consent to join forms in this instant action without the consent of the *Aiyekusibe* plaintiffs' counsel.  (*See*, *e.g.*, Docs. 79-86).  Around the same time, the *Aiyekusibe* parties renewed their motion for conditional class certification and notice.  (Doc. 87).  Counsel for the *Figueroa* plaintiffs, however, objected to the motion.  (Doc. 88).  Afterward, the Court ordered all parties to file an amended case management report taking into account the current procedural posture and scheduled the matter for a preliminary pretrial conference before the Undersigned.  (Doc. 89).

On September 6, 2019, the *Aiyekusibe* plaintiffs filed a motion to strike the *Figueroa* plaintiffs' objection to the *Aiyekusibe* parties' joint motion for conditional certification.  (Doc. 95).  Despite these contentions, counsel for both the *Aiyekusibe* and *Figueroa* plaintiffs eventually came to an agreement whereby both would jointly prosecute the action and stipulated that the *Figueroa* plaintiffs were now properly opted into *Aiyekusibe*.  (Doc. 101).

The Undersigned held a preliminary pretrial conference on October 9, 2019, at which the parties informed the Court of the procedural developments in this case and Defendants, notwithstanding plaintiffs' resolution, objected to the *Figueroa* plaintiffs' consent to join forms. (*See* Doc. 109).  Nevertheless, Defendants seemingly withdrew their objections and all parties filed a supplementation to their joint motion for conditional certification and notice (Doc. 87) on October 21, 2019 which contained a new proposed notice and consent to join forms (Doc. 108). This is important to note because while the parties originally sought conditional certification and Court approval of their notice on August 28, 2019 (Doc. 87), the parties did not agree to the final form of that relief until October 21, 2019 (Doc. 108).  Plaintiffs then filed this instant motion on December 19, 2019.  (Doc. 113).

On January 28, 2020, the Undersigned issued a Report and Recommendation that, in relevant part, recommended that the presiding District Judge grant conditional certification of the purported collective action but deny the parties' proposed notice given language the presiding District Judge has found problematic in previous cases.  (*See* Doc. 117).  The Report and Recommendation is currently pending before the presiding District Judge.

In their own words, plaintiffs argue "the delay in the Court ruling upon the parties jointly requested relief of conditional certification and sending out notice to all present and former employees, results in a huge financial windfall for [Defendants] and loss to the members of the

putative class whose damage claims are eroding." (Doc. 113 at 3). Plaintiffs seek an order from this Court equitably tolling the statute of limitations for potential opt-in plaintiffs who have yet to receive notice. (Doc. 113 at 9). Therefore, the Undersigned turns to the appropriate legal standard within the Eleventh Circuit for equitably tolling the statute of limitations in FLSA actions.

## LEGAL STANDARD

An opt-in plaintiff is deemed to commence a civil action "only when they file their written consent to opt into" the collective action. *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996). An opt-in plaintiff must file his or her "written consent to [opt-in] . . . prior to the expiration of the statute of limitations on [his or her FLSA] claim." *Id.* at 1107. The Eleventh Circuit has found this procedural requirement is a result of Congress' concern "that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint." *Id.* at 1106 (citing 93 Cong. Rec. 2,182 (1947)).

Indeed, tolling the statute of limitations in an FLSA claim is an extraordinary remedy that courts apply sparingly, usually in circumstances where a movant has shown they "untimely file[d] because of extraordinary circumstances that are **both beyond their control and unavoidable even with diligence**." *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). Within this Circuit, specifically, there are three circumstances that may warrant equitable tolling: (1) the defendant misleads plaintiff so as to allow the statutory period to lapse; (2) plaintiff has no reasonable way of discovering the wrong perpetrated against him or her; and (3) where plaintiff files a "technically defective pleading" but is otherwise diligent in pursuing their action. *Justice v. United States*, 6 F.3d 1474, 1479

(11th Cir. 1993).  Plaintiffs, however, do not argue any of these three circumstances are present and instead argue tolling is appropriate because of the "delay in the Court ruling upon the parties jointly requested relief of conditional certification and sending out notice."  (Doc. 113 at 3).

The Eleventh Circuit has yet to address the specific question at issue of whether tolling is appropriate when opt-in plaintiffs have yet to receive notice because of a delay in the Court approving the same.  *See Fiore v. Goodyear Tire & Rubber Co.*, No. 2:09-cv-843-FtM-29SPC, 2011 WL 867043, at *4 (M.D. Fla. Mar. 10, 2011) (finding that a motion to certify which was pending for nine months did not demonstrate extraordinary circumstances).  Nevertheless, the district courts in the Eleventh Circuit that have addressed this issue unambiguously reject the notion that a court's overburdened docket is "an extraordinary circumstance" warranting tolling. *See Hoy v. American Coach Lines of Orlando, Inc.*, No. 6:10-cv-1800-Orl-31GJK, 2012 WL 13129935, at *2 (M.D. Fla. Jan. 10, 2012) (collecting cases); *see also Lockwood v. CIS Services, LLC*, No. 3:16-cv-965-J-39PDB, 2018 WL 8559245, at *2-3 (M.D. Fla. Jan. 16, 2018) (finding ten-month delay did not warrant equitable tolling); *Czopek v. TBC Retail Group, Inc.*, No. 8:14-cv-675-T-36TBM, 2015 WL 12915566, at *2 (M.D. Fla. Aug. 7, 2015) (finding seven-month delay did not warrant equitable tolling); *Bobbitt v. Broadband Interactive, Inc.*, No. 8:11-cv-2855-T-24, 2012 WL 2872846, at *4 (M.D. Fla. July 12, 2012) (denying equitable tolling even though notice was not sent to opt-ins until thirteen months after parties filed motion to certify). With this guidance in mind, the Undersigned turns to plaintiffs' motion.

## DISCUSSION

To reiterate, plaintiffs argue tolling in this instance is appropriate because "any further delays caused by the Court's heavy docket and delays in ruling upon the parties' Stipulation and Joint Motion" erodes the rights of potential opt-ins.  (Doc. 113 at 3).  In support thereof,

plaintiffs cite to several cases from outside this district which the Undersigned finds unpersuasive as they are contrary to decisions found within this circuit.  (*See* Doc. 113 at 5-7). They do, however, cite to one case from the Southern District of Florida, *Gutescu v. Carey Int'l, Inc.*, No. 1-4026-civ-Martinez, 2004 WL 5333763 (Feb. 25, 2004), which warrants discussion.

The court in *Gutescu* found tolling to be an appropriate remedy in that action because the court took approximately one year and six months to rule on the plaintiff's motion to certify.  *Id.* at *4.  The court reasoned that even though the plaintiff filed her motion in January of 2002, various continuances, a hearing, record supplementation, and a discovery process "not marked with the spirit of cooperation and civility envisioned by the Federal Rules of Civil Procedure and the Local Rules" led to additional delays in the court issuing a ruling.  *Id.*  It held that "for a multiplicity of reasons the Motion to Certify Class remained pending for an *unusual* amount of time, such that tolling the statute of limitations during the pendency of the motion is equitable." *Id.* (emphasis added).

The Undersigned finds the decision in *Gutescu* to be materially distinguishable from this case.  First, *Gutescu* appears to be an outlier even for decisions within the Southern District of Florida.  *See, e.g.*, *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2008 WL 700174, at *3-5 (S.D. Fla. Mar. 13, 2008) (finding argument that statute of limitations should be equitably tolled because Court took six months to rule on the motion to issue notice and four months to approve notice "entirely unavailing").

Next, as one jurist in the Middle District of Florida aptly stated, "[w]hile it is 'unusual' for a motion for conditional certification to remain pending for 18 months, it is not 'extraordinary' for such a motion to remain pending for seven months."  *Palma v. MetroPCS Wireless, Inc.*, No. 8:13-cv-698-T-33MAP, 2013 WL 6836535, at *1 (M.D. Fla. Dec. 26, 2013).

Here, the parties filed the operative joint motion to certify less than seven months ago and the relief requested in that motion was not finalized until less than *four months* ago.  (Docs. 87, 108).  Either date is shy of the eighteen-month delay in *Gutescu* by a considerable margin and the Undersigned agrees with the *Palma* court in that such a delay is neither "unusual" or "extraordinary."  Furthermore, and without assigning fault to either party, the Undersigned notes that a considerable portion of the delay is attributable to various disputes between counsel for the *Aiyekusibe* and *Figueroa* plaintiffs that prevented the parties from agreeing to a finalized form of relief.  (*See*, *e.g.*, Docs. 66, 70, 88, 95, 97, 99).

Moreover, and while plaintiffs do not argue as much, the Undersigned notes that nowhere in the record is it evident that Defendants mislead plaintiffs to allow the statutory period on potential opt-in plaintiffs' claims to lapse.  And as Defendants correctly point out "[n]othing has hindered potential opt-in plaintiffs from filing an FLSA claim" because "[p]laintiff's counsel has operated a website since January 2019 seeking opt-ins to join the case and dozens filed such opt-ins."  (Doc. 119 at 7 (citing Docs. 16-19, 21-25, 33, 34, 43)).  Lastly, the Undersigned finds that plaintiffs did not file a "technically defective pleading" and otherwise diligently pursued their case but instead delayed this Court's ruling while counsel for the *Aiyekusibe* and *Figueroa* plaintiffs came to an agreement regarding how to proceed in this matter.  Because plaintiffs have failed to demonstrate that any of the three factors for equitable tolling are present here, and case law within the Eleventh Circuit does not recognize a court's reasonable delay in ruling on plaintiffs' motion to be sufficient grounds for equitable tolling, the Undersigned recommends plaintiffs' motion be denied.

## CONCLUSION

In sum, the Undersigned finds that the matter before the Court is not one that is "untimely file[d] because of extraordinary circumstances that are both beyond [plaintiffs'] control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271.  Plaintiffs' argument that equitable tolling is appropriate because of the Court's delay in ruling on their joint motion for conditional certification and proposed notice is not supported by this Court's precedent and plaintiffs have failed to persuasively argue otherwise.

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiffs' Renewed Motion for Equitable Tolling of Statute of Limitations (Doc. 113) be **DENIED**.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on February 19, 2020.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties