UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BAMIDELE AIYEKUSIBE, MISCHELE HIGGINSON and SHANTAL BROWN-WINN, individually and on behalf of all others similarly situated

       Plaintiffs,

v.                              Case No.: 2:18-cv-816-FtM-38MRM

THE HERTZ CORPORATION and
DTG OPERATIONS, INC.,

       Defendants.
_____/

### ORDER[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation ("R&R"). (Doc. 117). Plaintiffs assert limited objections to the R&R over the proposed notice form. (Doc. 120). Defendants do not object. (Doc. 121).

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). Without a specific objection, the judge need not review factual findings de novo. 28 U.S.C. § 636(b)(1); *see also Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). But the district court reviews legal conclusions de novo, even without an objection. *Cooper-Houston v. S. Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

There are only three matters to address: (1) Plaintiffs' limited objections; (2) Plaintiffs' request for expedited production of class information; and (3) the *Figueroa* opt-in Plaintiffs.

First, Plaintiffs object to the R&R's recommendation to include certain information about opt-in plaintiffs' potential liability if Defendants win. As the R&R states, this Court consistently requires notice to clearly advise opt-in plaintiffs of their potential liabilities for prevailing party attorney's fees and costs. *E.g.*, *Holmes v. Swissport Fueling, Inc.*, No. 2:16-cv-669-FtM-38MRM, 2017 WL 8794900, at *11 (M.D. Fla. Sept. 1, 2017), *report and recommendation adopted*, 2017 WL 4129838 (Sept. 19, 2017); *Trentman v. RWL Commc'ns, Inc.*, No. 2:15-cv-89-FtM-38CM, 2015 WL 2062816, at *4 (M.D. Fla. May 4, 2015); *Teahl v. The Lazy Flamingo, Inc.*, No. 2:13-cv-833-FtM-38CM, 2015 WL 179367, at *7 (M.D. Fla. Jan. 14, 2015). And courts throughout the Middle and Southern Districts require the same. *E.g.*, *Czopek v. TBC Retail Grp., Inc.*, No. 8:14-cv-675-T-36TBM, 2015 WL 4716230, at *11 (M.D. Fla. Aug. 7, 2015); *Garcia v. J&J, Inc.*, No. 19-cv-60728-BLOOM/Valle, 2019 WL 3457613, at *5 (S.D. Fla. July 31, 2019) (collecting cases).

For prevailing defendants in FLSA cases, costs and attorney's fees are not governed by the same standard. To get attorney's fees, a prevailing FLSA defendant must prove plaintiff acted in bad faith or for vexatious, wanton, or oppressive reasons. *See Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 932 (11th Cir. 2013) (citing *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998)). That bar is much higher than the one a winning defendant must clear to recover taxable costs, which is set by Federal Rule of Civil Procedure 54(d)(1). *See Davis v. City of Hollywood*, 120 F.3d 1178, 1181 (11th Cir. 1997); *Garcia*, 2019 WL 3457613, at *5. So while notice for

potential attorney's fees may be unnecessary (depending on the case), notice for potential costs provides opt-in plaintiffs with fair warning of their responsibilities if defendants prevail. Courts in the Middle District, including this one, have recognized that distinction. *Plummer v. PJCF, LLC*, No. 2:15-cv-37-FtM-38CM, 2015 WL 2359996, at *1-2 (M.D. Fla. May 18, 2015) (holding disclosure of potential costs, but not fees, was required); *Belloso v. Asplundh Tree Expert, Co.*, No. 6:17-cv-2020-Orl-40GJK, 2018 WL 4760671, at *3 (M.D. Fla. Aug. 24, 2018) (same); *Taylor v. C&L Towing & Transp., L.L.C.*, No. 6:17-cv-1929-Orl-40TBS, 2018 WL 3598763, at *5 (M.D. Fla. July 11, 2018) (same), *report and recommendation adopted*, 2018 WL 3586324 (July 26, 2018).

Considering the above, the Court rejects Plaintiffs' argument that the notice should not include a clear notification of potential taxable costs owed by the opt-in plaintiffs if Defendants prevail. Plaintiffs' argument on attorney's fees, however, is well taken. Attorney's fees for a prevailing defendant are only granted in "exceptional circumstances." *Mayer*, 514 F. App'x at 932. Given this and the parties' agreement on the current proposed notice, the Court finds it unnecessary to include a warning on attorney's fees. This conclusion is in line with the R&R—which does not address including notice for attorney's fees. Rather, the R&R recommends the parties amend the proposed notice "so a potential opt-in is fully and clearly informed of his or her potential liability to Defendants for costs if Defendants prevail." (Doc. 117 at 12). The Court agrees.

While the proposed notice includes a passing mention of opt-ins potentially bearing Defendants' costs, the R&R correctly observes this warning is "buried" within "a section titled 'You May Choose Not to Join the Lawsuit.'" (Doc. 117 at 11 (quoting (Doc. 108-2 at 4-5)). The Court agrees with Magistrate Judge McCoy that possible opt-ins might

3

misinterpret the notice despite the parties' intention. So the Court directs the parties to amend their proposed notice consistent with the R&R and this Order. Although Plaintiffs offer a modified notice (Doc. 120 at 10-11), Defendants oppose it (Doc. 121 at 3-4). And the solution may not require an entire rewrite like Plaintiffs suggest; it may be as simple as moving the current cost warning to the logical section of the notice and more clearly stating opt-in plaintiffs' potential liability for costs if Defendants prevail.

Second, Plaintiffs ask the Court to order Defendants to provide class information within five days, rather than the twenty-one days agreed to in the Joint Motion (Doc. 87). (Doc. 120 at 11-12). The Court agrees with Defendants, however. This issue was not addressed in the R&R; thus, the request is not an objection, and it would not be appropriate for the Court to consider here.[2]

And third, to dispel any lingering uncertainty, Magistrate Judge McCoy correctly concluded the Court's previous Order (Doc. 77) did not preclude the *Figueroa* opt-in Plaintiffs from opting into this case. They were free to opt-in here along with the *Figueroa* named Plaintiffs. So like the R&R recommends, the Court accepts the *Figueroa* consent to join forms as properly and timely filed. (Docs. 83; 84; 85; 86).

After a careful, complete, and independent examination of the file, the Court accepts and adopts Magistrate Judge McCoy's R&R in full.

Accordingly, it is now

**ORDERED:**

---

[2] Even if the Court could somehow construe this as a motion to modify the parties' stipulated deadline, Plaintiffs' objections contain no 3.01(g) certification so it would be denied all the same.

1. The Report and Recommendation (Doc. 117) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

2. Plaintiffs' objections (Doc. 120) are **OVERRULED**.

3. Plaintiffs' Unopposed Motion to Strike Objection by Figueroa to Joint Motion and Stipulation for Conditional Certification DKT 88 and Plaintiffs' Response to Figueroa Objections (Doc. 95) is **DENIED as moot** in light of Plaintiffs' Notice of Resolution of Objection (DE 88) and Motion to Strike (DE 95) (Doc. 101).

4. The parties' Joint Motion and Stipulation for Conditional Collective Action Certification (Doc. 87) is **GRANTED and DENIED in part** as follows:

    a. Conditional certification under 29 U.S.C. § 216(b) is **GRANTED** based on the parties' stipulated definition: "all persons who worked for Defendants The Hertz Corporation and DTG Operations, Inc. in the positions of Function Manager or Location Manager, at any time from July 1, 2017 to present." (Doc. 87 at 2).

    b. The Joint Motion and Stipulation for Conditional Collective Action Certification (Doc. 87) is **DENIED** to the extent the parties seek approval of their current proposed notice (Doc. 108-2) for the reasons set out in this Order and the Report and Recommendation (Doc. 117).

    c. The parties are **DIRECTED** to meet and confer and submit an amended proposed notice to their current proposed notice (Doc. 108-2)—consistent with this Order and the Report and Recommendation (Doc. 117)—**on or before February 26, 2020**, for the Court's consideration and approval.

5

5. The Court **ACCEPTS** as properly and timely filed the *Figueroa* opt-in Plaintiffs' notices of filing consent to join forms (Docs. 83; 84; 85; 86).

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of February, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record